[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Linda M. Bartholomew, age 47, whose maiden name was Linda M. Godenski and the defendant James M. Bartholomew, age 48, were married on January 4, 1970 at Litchfield, Connecticut. There is one minor child issue of the marriage, Ryan Bartholomew, born July 19, 1980. The marriage has broken down irretrievably.
The primary cause of the breakdown has been the defendants excessive use of drugs and alcohol. In addition he has emotionally and physically abused the plaintiff and has absented himself from the home on numerous occasions. Presently he is living apart with another woman. At one time, the plaintiff had a drinking and drug problem, but has overcome both. Some ten years ago, she had an affair but that is not found to be the cause of the breakdown.
The plaintiff works as a hairdresser earning $167.00 per week, with a net of $150.00. The defendant is employed at Sterling Engineering Corporation earning a gross of $823.00 per week. The parties are joint owners of real estate located at 155 Reaching Hill Road in Winsted valued at $125,000 with a mortgage of $28,000 and 2.5 acres at 157 Reaching Hill Road valued at $30,000 with a CT Page 9938 mortgage of $15,000. The plaintiff shows debts in her affidavit of $27,764.00 as follows:
Shawmut Bank $5,600.00; Capital One, $1,000.00; The Associates, $4,757.00; J.C. Penney, $535.00; New Boston Crane, $3,300.00; Shawmut Bank $5,096.00; Winsted Memorial Hospital $276.00; Town of Winchester, $2,500.00; wife's parents, $4,400.00; Dr. F. Joseph Curi, M.D. $300.00.
The defendant is currently in arrears the sum of $2,100.00 in child support and alimony payments. In addition, the defendant has failed to pay his life insurance premiums for five months for a total of $682.50. In addition, there was an outstanding medical bill for the minor child which has been paid by the plaintiff for a total of $552.00; one half of which is the responsibility of the defendant or $226.00. There is currently a total arrearage of monies due to the plaintiff of $3,008.50.
Based upon the evidence and the provisions of general statute § 46b-81, the court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. Custody of the minor child to the plaintiff subject to reasonable visitation to the defendant. The defendant shall pay weeks support of $165.00 per week by wage garnishment. The defendant shall be entitled to the income tax deduction for the minor child.
3. The defendant shall pay the sum of one hundred forty-five ($145.00) dollars per week as periodic alimony commencing on the date of the dissolution. Said alimony shall terminate upon the death of the plaintiff or the defendant. Said alimony shall not terminate upon the cohabitation of the plaintiff and shall be nonmodifiable as to amount, except that in the event the plaintiff is unable to maintain employment for verifiable health reasons, the plaintiff may seek a modification of the amount of the alimony payment.
4. The defendant will maintain insurance for the benefit of the minor child for as long as the same is available through his employment and the child is insurable as a dependent. The parties shall equally share in all unreimbursed medical expenses. The defendant shall also pay the cost of plaintiffs COBRA CT Page 9939 medical insurance for as long as the same is available. The defendant shall maintain life insurance on his life in the face amount of $53,000 and name the plaintiff as the beneficiary thereon until the plaintiff's death as security for the alimony payments. The premium for the life insurance shall be the responsibility of the defendant.
6. The defendant shall quit claim his undivided interest in the real estate located at 155 Reaching Hill Road, Winsted, Connecticut to the plaintiff. The plaintiff shall pay any and all expenses connected with any of the properties. The plaintiff shall assume and pay all of the recurrent expenses in connection with the family home including, without limitation, the mortgage, taxes, insurance, utilities, maintenance and repair.
7. The property located at 157 Reaching Hill Road, Winsted shall be listed for sale at a price determined by a qualified realtor chosen by the parties within ten days. The net proceeds shall be divided as follows: one-third (1/3) to the plaintiff and two thirds (2/3) to the defendant.
8. The defendant is in arrears the sum of $2,100.00 in child support and alimony payments. In addition, the defendant has failed to pay his life insurance premiums for five months for a total of $682.50. In addition, there was an outstanding medical bill for the minor child which has been paid by the plaintiff for a total of $552.00; one half of which is the responsibility of the defendant $226.00). There is currently a total arrearage of moneys due to the plaintiff of $3,008.50. The defendant shall pay the arrearage at the rate of $125.00 per month commencing November 15th and monthly thereafter.
9. The plaintiff, as part consideration of the conveyance of real estate, shall be responsible for all marital debt as set forth on her financial affidavit. In addition, the plaintiff shall be responsible for any debt due to her parents (a minimum of $4,400.00) which was money they loaned the plaintiff to save the property from foreclosure during the time when the defendant was not paying any of the family expenses. The defendant shall be fully and totally responsible for all debt shown in his financial statement and any and all liabilities incurred by him since the date of the parties separation on or about September 1, 1995.
10. Each party shall retain sole right, title and interest in and to any and all bank accounts, investment accounts, stocks, CT Page 9940 bonds or other assets in his or her respective names at the time of the dissolution.
HON. WALTER M. PICKETT, JR. State Judge Referee